The Honorable, the United States Court of Appeals for the First Circuit is now in session. All persons having any business before this Honorable Court may give their attendance and they shall be heard. God save the United States of America and this Honorable Court. Court is in session. Today's cases will be called as previously announced and the times will be as allotted to counsel. The first case today is United States v. John Doe, Appeal Number 19-1953. Attorney Demisey, please introduce yourself for the record and proceed with your argument. May it please the Court, my name is Dereje Demisey. I represent the defendant, appellant John Doe. At the presiding judge's discretion, may I reserve two minutes for rebuttal? You may. There are two issues, thank you, Your Honor. There are two issues before the Court. First, Mr. Doe argues that the trial court made a reversible error when it allowed over his objection the admission of a social security form, SSA-795, under the business exception to the hearsay rule. The central theme of the government's case was that Mr. Doe was born in Dominican Republic as opposed to in Puerto Rico. It established that fact with two business records, the SSA-795. The other one was a testimony of officer Desjardins. That is the second argument that was the subject of the suppression request and a suppression hearing conducted right before the trial. The standard of review on the business record exception is abuse of discretion. As the defendant properly objected, timely presented all necessary arguments under Federal Rules of Evidence 51, and we argue that the admission of that document was an error and affected substantial rights of the defendant. The judge discussed... Aside from me not understanding why it wouldn't be a party admission at any rate, I'm trying to figure out what it is that you think constituted the irregularity. Sure, I'll address the second question and then I'll go back to the party opponent issue. The document was prepared in anticipation of litigation. It was not prepared within the course of the regular course of business. In fact, it's more akin to a police report or an incident report. It was a report made by a person who was complaining about the... Contextually, what was in it that you were saying it was not something the Social Security Administration would prepare in its daily routine? Counsel, as I understand it, he is the one who initiated the process with Social Security, because he wanted to obtain Social Security approval for a change in what he said was the Social Security number. So, he goes in for an interview and the form, according to the person who prepared it, is literally verbatim a statement of what he said during that interview in support of his claim. Turns out his claim was a false claim, as found here. But let's go back. I don't understand why it would be an abuse of discretion if we have the testimony this is issue has anything to do with the admissibility of that document. So, before the person took the statement, she was instructed to conduct a searching inquiry, get more details... Four minutes remaining. And excuse me, what's wrong with that? He's coming in making an unusual claim that, oh yes, once he had a particular Social Security number, but that he had been approved for a new number. So, and regardless of that, her testimony was, it is literally a verbatim transcript of what he said. I do not understand you to contest that he did not say these things. Is that correct? So, there was some argument whether the statement was actually what he said, because there was a translation between Spanish to English. Yes, fine, but you put on no evidence that he did not actually make these statements to her. So, there was no evidence that he did not make a statement. There was no evidence from the defense that there was a disparity between the Spanish and English, but there was this issue whether or not... And the declarant who took this statement said, I was brought in because I'm bilingual, and the recounting is, in fact, a translation, literally, of what he said. But that's what happens in police reports. People go in, complain, and there's a police report prepared. It's what they said, and that police report is not a business record, does not come in as a business record. On that point, I take it the government never argued that it was separately admissible as admission of a party opponent, correct? The government did not, and it would not have been admitted without showing that the person remembered what was said to them. So, your thought is that that issue just wasn't raised below as an alternative ground, so we can't affirm the district court on that basis, because the district court never made the predicate findings that would support it being a party opponent, because it wasn't asked to do so. That's the idea. Correct. The only way I would... On the argument you do make about the business records, if I understand it, the sole argument you preserved for saying it was not a business record was that it was being prepared for litigation purposes. Is that right? Also, that it was prepared for litigation purposes. The defendant, Bill, also argued that there was an issue with the translation. It was translated from English to Spanish. We don't know... But the argument that it was an outsider, etc., as grounds for it not being a business record, were not arguments that were presented to the district court, correct? Correct. It was mentioned. It was mentioned that... Are you saying it was preserved or not? I would say that it was preserved. It was inartfully preserved. So, let's assume the district court did not abuse their discretion in understanding defense counsel only to oppress the objection below that it was prepared for litigation and that's why it was not a business record. I'm having a little trouble understanding why it would be an abusive discretion for the district court to have rejected that contention. Given that it's a precipitating event for the preparation of the record, was your client coming in to ask for it? Well, why would that suggest it was being prepared for litigation purposes? If it was in response to his request to clear something up, which he wasn't suggesting litigation was in the office. So, he did not know there was a pending investigation at that time, a potential criminal investigation, but the Social Security Administration... But I'm saying you don't contest that the precipitating event for the document being created was his request. I don't contest that. He was not requesting that it be prepared for litigation purposes. The Social Security Administration prepared it for litigation purposes. He did not request for it. Okay, and so I guess the question is why wouldn't it have been at least a reasonable call for the district court to have concluded, looking at the totality of the evidence, that on balance it is not supportable to conclude that it was for litigation purposes, even if he might have been within his discretion to have concluded the other way, the district court? Because it's just a judgment call about the facts and the record, which the district court being a better position that we would be to make that assessment. May I answer that? I know it would be akin to a police investigating someone when the person did not know he was being investigated, but they know they're investigating someone and they are asking questions, even though the person comes in, let's say, to report an issue and they suspect the person to be involved and they prepare documents. So what I'm saying is before the person, once he was there, the statement taken from him was not taken in a regular course of business. It was taken in deviation from the regular course when the instruction to ask such questions was given to the officer. Okay, thank you. Thank you. You have your rebuttal time. Thank you. At this time, attorney Demasay, please mute your audio and your video. Attorney Wickers, please unmute your device and introduce yourself on the record to begin. Good morning, your honors, and may it please the court, Christina Wickers for the United States. It was not error for the trial judge to hold that the form 795 was admissible. And in any event, as we've argued, all of the statements in the form were read to the jury by the woman who prepared it, Haisa Rincon, without objection. So the two, the parts of the statement that he really contests, which were the defendant's statement that the disputed social security number was his, and also the fact there's in there a statement that he admitted speaking with a Dominican accent, the jury heard that. So the only thing that admission of the form would have accomplished would be, would have been to include the preprinted text on the form. As Judge Lynch pointed out, it was a verbatim transcript as Ms. Rincon explained to the jury. So there was nothing inherently untrustworthy or unreliable about the form, which of course was the defendant's burden to show under Rule 803. With regard to Judge Barron's question about the government not arguing that the statements themselves within the form were admissions of the party opponent under Rule 801, the government took the position that that was conceded in the defendant's motion to exclude the statement, which is docket number 97. I don't believe it's part of the appendix or the supplemental appendix. When you say this, just so I'm clear on what you're about to say, when you say to exclude the statement, you mean not the form, but the statement that was going to be read? Yes, Your Honor. Okay. It is our position that that statement was independently admissible under 801. And we took the position below that the defendant conceded that point in docket number 97. And then in our opposition, we noted that it was conceded. There was no... Could you explain the concession? Yes. In docket number 97, which again, I apologize, it's not in the appendix or supplemental appendix. On page two, the defendant wrote that the purported outsider statements must be independently admissible. And then the defendant cited to United States versus Vigneault from this court in 1999, noting that the defendant's statements in that case to Western Union were independently admissible under rule 801, but the defendant's name and address and phone number on the Western Union forms was itself hearsay. So it's a two-part... It's double hearsay arguably, and we say it's not. That's not exactly a concession that in this case, the statement was. Did you separately write anything in any filing to the district court, informing the district court that there had been a concession as to the statement? Yes. In our opposition, which was docket number 98, again, it's not in the appendix. We wrote... Give me one second, Your Honor. On page two, the defendant appears to concede that Exhibit I is admissible non-hearsay under federal rule of evidence 801D2, citing the defendant's motion. However, he seeks to preclude the form. And your position is the defendant then never disabused the district court of that claim by you that he had apparently conceded that point? That's right, and there was never any argument or testimony or discussion. I think all the parties understood that or conceded, appreciated that the statements were admissible. That's helpful. Could you just give me a sense of the context in which the jury would have been informed about why the statement was being read to it? In other words, how did it come about that the statement was read, independent of the form being amended? The form was admitted, and then defense... Excuse me. My co-counsel asked the witness, to read it to the jury so that they... I guess the concern would be that from a harmless error perspective, the reading of the statement would acquire a fair amount of legitimacy if the jury understood it to be the verbatim content of a regularly kept business record. Whereas if the jury was not allowed to understand it that way and just contextually has his written cone saying, well, he said this to me, with no context that that was in the context of a regularly kept business record, jury might have looked at it somewhat differently than they would have otherwise. So I guess the concern would be that even though the statement might be missed, the business record context in which it was admitted still added to its validity to a certain form itself. On that score, do you take the position that the only contention defendant made was that the form was prepared for litigation purposes, and that's why it was not a business record? Yes, your honor. So could you just address his argument about why that was an error? Why rejecting that contention was an error by the district court? Yes, your honor. The form, the main case on which the defendant relies... Four minutes remaining, four minutes. The Palmer case, in that case, the train engineer's statement was taken in anticipation of litigation. And as the Supreme Court said, the primary utility of that document was litigation. It wasn't railroading. Here, the primary utility of the form 795 is to take a statement from any complaint about their social security number. But I think the complaint here is that it went above and beyond what would normally have been asked of. Yes. So I think that in the... Ms. Rincon was really the only witness to testify on this, and she explained that she did have the instruction from her supervisor to get as much detail as possible. As Judge Lynch pointed out, what's wrong with that? There was nothing wrong with that. She asked the questions, he answered them. He didn't argue in the trial court, and he doesn't argue here that any of the statements he made was transcribed incorrectly, that she misunderstood, that there was an issue with the Spanish to English translation. But I think the thrust of the point is that in the ordinary course, the kind of intensive inquiry of the claimant that was made by the SSA official here would not have occurred, and that the extra intensity of the inquiry can only be explained by virtue of the fact that there was a request that had been made to further this investigation, which the defendant then says shows that the form that resulted was not prepared in the ordinary course, but instead was prepared in anticipation or in service of the investigation, and therefore the criminal case in the litigation. What's wrong with that logic? I think it is a bootstrapping argument in the sense that the woman who took the statement, Ms. Rincon, first of all didn't know there was an SSA-OIG investigation or ever had been. There's no... It comes down, I think, to the reliability, the contention by the defendant that this is unreliable and untrustworthy because it was prepared in anticipation of litigation. That's, of course, why documents that are prepared in anticipation of litigation... Suppose it was totally reliable and was plainly prepared in anticipation of litigation. Would it be admissible as a business record? Probably. Well, I don't know the answer to that. I mean, typically... Well, if you don't think it would be, then let's assume it wouldn't be. That would suggest that the relevant question is not its reliability for purposes of this part of the inquiry. The question is, is it a business record? Yeah. He contends it's not because it was prepared for litigation purposes, and he contends that's the case because the record shows that rather than in the ordinary course of taking the complainant's information down, an extra inquiry occurred at the behest of a supervising official, and that supervising official requested that the extra inquiry occurred in order to further the investigation that would be used outside the ordinary course in anticipation of litigation. What's wrong with that contention? I think what's wrong with the contention is that the instruction given to Ms. Rincon was not ask a bunch of questions that can help us in potential litigation. It was ask about his life, and there's no contention by the defendant either below or here that I wouldn't have answered these questions had I known that she was taking this in anticipation of litigation or that there was some SSAOIG investigation. She asked me questions about my life. I answered questions about my life. During cross-examination, was there any exploration as to if she had not been so instructed, what would she not have asked? There was not, Your Honor. Okay. That's time. Thank you. Thank you, Your Honors. Attorney Wickers, please mute your audio and video at this time, and Attorney Demese, please go ahead. You have a two-minute rebuttal. Reintroduce yourself on the record to begin. Thank you, Your Honors. Dereje Demese for Appellant John Doe. Regarding the party opponent statement by a party opponent, I'd like to point out that Rule 801 specifically requires the recipient witness who heard the statement to testify from memory, and if that memory is exhausted, they can be refreshed. I totally dispute the government's argument there was a stipulation that that statement was admissible as a statement of a district court that you didn't dispute that it was a party admission, and you never told the district court that you did. And, Your Honor, it may well be a strategic decision, because sometimes if this... You think you're excused because it's strategic on your part? That hurts you, it doesn't help you. No, what I'm saying is there was no stipulation, but assuming the person came in to testify... No, there is no stipulation, please. There was a contention by the government that this issue isn't being contested by the defendant, and the defendant never says to the public. That's accurate, isn't it? It is accurate. I'd like to elaborate briefly, though, that assuming... Yes, go ahead. Assuming the government was proceeding on that theory, they would have to prove the person remembered the statement five years earlier. The point is that they wouldn't have to if they were under the impression that you had conceded it, and the judge was entitled to think you had conceded it. Oh, yeah. No, in that regard, I don't think there was a concession at all. That's time. Okay. Could you just, before you close, and I know your time just expired, just address this one question. Assume the statement is admissible, and assume the form is admissible, too, okay? Okay. Is your contention about the questions that were asked by the inspection officer that's the other issue you're raising, wouldn't, at that point, the evidence that you're trying to suppress there, even if you were corrected it should have been suppressed, be harmless error if both the form and the statement are admissible? No, I would not because the cumulative effect would be, in this case, the cumulative effect of both statements showing some evidence that this person was born in the Dominican Republic was, I think, devastating for the defense. So, I appreciate it. Thank you, Your Honor. Okay. Thank you, both. Thank you, Your Honors. That concludes the argument in this case. Attorney Demesse and Attorney Wicker should disconnect from the hearing at this time.